**E-Filed 2/14/11**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case Number 5:10-cv-04180-JF/HRL |
| Plaintiff, | ORDER[1] GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |
| v. | |
| ANGEL PANIAGUA FRAIDE, individually and doing business as El Pollo Dorado, | |
| Defendant. | |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") moves for entry of default judgment in the amount of $112,200.00 against Defendant Angel Paniagua Fraide, individually and doing business as El Pollo Dorado. Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on February 11, 2011. For the reasons discussed below, the motion will be granted in part.

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-02717-JF/PSG
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
(JFLC3)

## I. Background

**A.  Procedural history**

Plaintiff filed the instant action on September 16, 2010. After Defendant was served with process and failed to respond, (Docket No. 5), Plaintiff moved for entry of default and served the motion by mail, (Docket No. 8). The clerk entered default on November 2, 2010. (Docket No. 12.) In a letter dated November 4, 2010, Defendant requested notifice and an opportunity to appear at any hearing on Plaintiff's application for default judgment. Plaintiff moved for default judgment on January 3, 2011, and has provided proof of service indicating that a copy of the notice and application for default judgment were mailed to Defendant. (Docket No. 18.) Defendant did not appear at the hearing.

**B.  Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a September 19, 2009, boxing match between Floyd Mayweather, Jr. and Juan Manuel Marquez, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Irene Calderon ("Calderon"), an investigator hired by Plaintiff, observed an exhibition of the Program in El Pollo Dorado. Defendants were not sublicensees entitled to exhibit the Program. Calderon entered the premises without paying a cover charge and observed the Program on a large flat screen television. (Calderon Declaration 2.) Between 7:19 p.m. and 7:40 p.m., she performed three headcounts, noting the presence of twenty-seven, twenty-one, and twenty-four people by each respective count. (*Id.* at 3.) The declaration does not indicate the capacity of El Pollo Dorado or whether Calderon observed either a satellite dish or a cable box. (*Id.*)

## II. Discussion

1    Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $2,200 in damages for conversion. Plaintiff also alleges that Defendant has violated 47 U.S.C § 553(a), which provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

**A.    Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" *California Satellite Systems v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing *National Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. (Complaint ¶¶ 12-15.)

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. *J & J Sports Productions, Inc. v. Man Thi Doan*, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) (citing *United States v. Norris*, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendant intercepted a satellite broadcast, and Calderon does not state that she observed a satellite dish at El Pollo Dorado. (Calderon Decl.) Plaintiff contends that it has been unable to ascertain whether Defendant utilized a satellite dish only because Defendant has refused to answer and appear in the instant case. Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

However, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system.'" *Man Thi Doan*, 2008 WL 4911223 at *2

3

1  (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original).  While Calderon does not state that
2  she observed a cable box, (Calderon Decl.), it is undisputed that Defendant intercepted the
3  broadcast by some means, and a cable box is hidden more easily than a satellite dish.  *Accord J*
4  *& J Sports Productions, Inc. v. Guzman et al.*, 3:08-cv-05469-MHP, 2009 WL 1034218, at *2
5  (N.D. Cal. April 16, 2009).  Accordingly, Plaintiff's allegations are sufficient for present
6  purposes to establish Defendant's liability under § 553(a)(1).

   **1.    Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)**

8         An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or
9  statutory damages pursuant to § 553(c)(3)(A)(ii).  A court may award statutory damages of "not
10 less than $250 or more than $10,000 as the court considers just."  47 U.S.C. § 553(c)(3)(A)(ii).
11 While the violation in the instant case does not appear to be particularly egregious, Plaintiff
12 requests the statutory maximum, noting that at least one other district court has awarded the
13 maximum statutory damages available under § 605 under similar circumstances.  *See J & J*
14 *Sports Productions, Inc. v. Flores*, No. 1:08-cv-0483 LJO DLB, 2009 WL 1860520, at *2 (E.D.
15 Cal. June 26, 2009) (awarding $10,000 in damages for violation of § 605(a) in an establishment
16 without a cover charge and serving thirty-five people); *J & J Sports Productions, Inc. v. George*,
17 No. 1:08cv090 AWI DLB, 2008 WL 4224616, at *2 (E.D. Cal. Sept. 15, 2008) (awarding
18 $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and
19 serving thirty people).

20        Plaintiff contends that the maximum award against Defendant is necessary to deter future
21 violations.  It points to another case currently before a court in this district in which default has
22 been entered against Defendant for similar violations.  *J & J Sports Productions, Inc. v.*
23 *Paniagua*, 5:10-cv-5141-LHK (N.D. Cal. January 5, 2010).  However, because that case was
24 filed subsequent to the broadcast at issue here, it is not clear that an award of the maximum
25 statutory damages in this instance is necessary to deter future violations. Plaintiff has presented
26 no evidence of the capacity of the establishment, which served no more than twenty-seven
27 persons during any of Calderon's headcounts, and the Program was shown only on one
28 television.  These factors suggest that maximum damages are unwarranted.  The Court finds that

4

an award of $5,000 is sufficient under the circumstances.

### 2. Enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B)

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." Plaintiff alleges that Defendant's interception of the program was willful and for purposes of commercial advantage or private gain. (Complaint ¶ 14.) Facts alleged in the pleadings are binding upon the defaulting party. *Geddes*, 559 F.2d at 560. El Pollo Dorado is a commercial establishment. Plaintiff alleges that the broadcast was encrypted, making it exceedingly unlikely that Defendant could have intercepted the broadcast unintentionally.

While it seeks the maximum award, Plaintiff also has directed the Court's attention to *Joe Hand Promotions, Inc. v. Cat's Bar, Inc.*, No. 08-4049, 2009 WL 700125, at *3 (C.D. Ill. March 16, 2009), in which the court calculated enhanced damages by multiplying the fee that the defendant would have paid to exhibit the program lawfully by the number of patrons in the establishment at the time. Here, Plaintiff contends that the sublicensing fee for an exhibition of the Program was $2,200. Multiplying that amount by the average number of patrons present in the bar (twenty-four) results in an award of $52,800. The Court concludes that enhancing damages by $52,800 is appropriate under the circumstances. The details of the violation are not egregious, but at the same time Defendant's liability is not in dispute, and it is clear that Defendant acted willfully to intercept the Program.

### B. Damages for conversion

As a result of Defendant's default, the facts alleged in the pleadings are sufficient to establish that Defendant wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendant is liable for the tort of conversion. *See Culp v. Signal Van & Storage*, 142 Cal. App. 2d Supp. 859, 862 (Cal. App. Dep't Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant is liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $2,200.

1

## III.  CONCLUSION

Plaintiff's motion is granted in part.  Plaintiff shall recover $5,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $52,800 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B), and $2,200 pursuant to Cal. Civ. Code § 3336.

**IT IS SO ORDERED.**

DATED: February 14, 2011

_____
JEREMY FOGEL
United States District Judge